44 (Rev. 3/99) EDPA    CIVIL COVER SHEET    11-CV-7369    APPENDIX B

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

PAMELA SNYDER

**DEFENDANTS**   7369

STARBUCKS CORPORATION, d/b/a STARBUCKS COFFEE COMPANY

(b) County of Residence of First Listed Plaintiff   **BUCKS COUNTY**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed   **MONTGOMERY**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED,

(c) Attorney's (Firm Name, Address, and Telephone Number)
SIDNEY L. GOLD, ESQUIRE  #21374
LAW OFFICES OF SIDNEY L. GOLD & ASSOC. P.C.
1835 MARKET ST., STE 515,
PHILA., PA 19103  TELEPHONE (215) 569-1999

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "x" in One Box Only)

☐ I U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "x" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLF | DEF | | | PLF | DEF |
|---|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT**   (Place an "X" in One Box Only)

**CONTRACT**
☐ 1 10 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 1 90 Other Contract
☐ 1 95 Contract Product Liability

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 3 15 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor V chicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury-Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 395 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☒ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 5 10 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 53 5 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 61 0 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 7 1 0 Fair Labor Standards Act
☐ 720 Labor/M gmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc, SecurityAct

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 H IA (13 95ff)
☐ 862 Black Lung (923)
☐ 863 DIW C/DIW W (405 (g))
☐ 864 SSID Title XVI
☐ 865 RS 1 (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS -Third P arty 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 4 10 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality o f State Statutes
☐ 890 Other Statutory Actions

**V. ORIGIN**   (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 200(e) AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991, AT 42 U.S.C. § 1981(a) AND THE PENNSYLVANIA HUMAN RELATIONS ACT 43 P.S. § 951

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION UNDER F.R. CP. 23

DEMANDS
$150,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S)** instructions):
IF ANY   NONE
(See
JUDGE

DOCKET NUMBER    NOV 2 9 2011

DATE
NOVEMBER 29, 2011

SIGNATURE OF ATTORNEY OF RECORD
X    /S/ SIDNEY L. GOLD, ESQUIRE

FOR OFFICE USE ONLY

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

APPENDIX A

**UNITED STATES DISTRICT COURT**

DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

11 7369

Address of Plaintiff: 17015 BENNETT PLACE, HOLLAND, PENNSYLVANIA 18966

Address of Defendant: 200 NORTH WARNER ROAD, KING OF PRUSSIA, PENNSYLVANIA 19406

Place of Accident, Incident or Transaction: 200 NORTH WARNER ROAD, KING OF PRUSSIA, PENNSYLVANIA 19406
(Use Reverse Side For Additional Space)

Does this case involve mutidistrict litigation possibilities? Yes ☐ No ☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included n an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☒

3. Does this case involve the validity or infringement of a patent already in suitor any earlier numbered case pending or within one year previously terminated action in this court? Yes ☐ No ☒

CIVIL: (Place **X** in ONE CATEGORY ONLY)

A. *Federal Question Case&*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. Diversity *Jurisdiction* Cases:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability -Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I, **SIDNEY L. GOLD, ESQUIRE**, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum d $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: **November 29, 2011**                /s/ SIDNEY L. GOLD, ESQUIRE                **SLG-21374**
                                            Attorney-at-Law                          Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previous ly terminated action in this court except as noted above.

DATE: **November 29, 2011**                /s/ SIDNEY L. GOLD, ESQUIRE                **SLG-21374**
                                            Attorney-at-Law                          Attorney I.D.#

CIV. 609 (9/99)

NOV 2 9 2011

**IN THE- UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

PAMELA SNYDER, PLAINTIFF

v.

STARBUCK CORPORATION, d/b/a
STARBUCKS COFFEE COMPANY, DEFENDANT

CIVIL ACTION

11      7369

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. § 2241 through §2255.     ( )

(b) Social Security - Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(c) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(d) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(e) **Standard Management -- Cases that do not fall into any one of the other tracks.**     (X)

November 29, 2011
Date

/S/SIDNEY L. GOLD, ESQUIRE
Attorney-at-law

-      /S/SIDNEY L. GOLD, ESQUIRE
**Attorney for Plaintiff**

Wiy. 660) 7195

NOV 2 9 2011

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

FILED

NOV 29 2011

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

| | | |
|---|---|---|
| PAMELA SNYDER, | : | **CIVIL ACTION NO.:** |
| | : | |
| *Plaintiff*, | : | |
| | : | 11    7369 |
| vs. | : | |
| | : | |
| | : | |
| STARBUCKS CORPORATION d/b/a | : | |
| STARBUCKS COFFEE COMPANY, | : | **JURY TRIAL DEMANDED** |
| | : | |
| *Defendant*. | : | |

**COMPLAINT AND JURY DEMAND**

**I.    PRELIMINARY STATEMENT:**

1.    This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Pamela Snyder ("Plaintiff Snyder"), a former employee of Defendant, Starbucks Corporation, d/b/a Starbucks Coffee Company ("Defendant"), who has been harmed by the Defendant's discriminatory employment practices.

2.    This action is brought under the Age Discrimination in Employment Act, ("ADEA"), 29 U.S.C. §621 et seq., and Title VII of the Human Rights Act of 1964, 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 ("Title VII").

**II.    JURISDICTION AND VENUE:**

3.    The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. §§1331 and 1391 as Plaintiff Snyder's claims are substantively based on the ADEA and Title VII.

-1-

5.      All conditions precedent to the institution of this suit have been fulfilled. On September 2, 2011, a Notice of Right to Sue was issued by the United States Equal Employment Opportunity Commission ("EEOC") and this action has been filed within ninety (90) days of receipt of said notice.

6.      Plaintiff Snyder has satisfied all other jurisdictional prerequisites to the maintenance of this action.

**III.    PARTIES:**

7.      Plaintiff, Pamela Snyder ("Plaintiff Snyder"), is a fifty (50) year old female individual and citizen of Commonwealth of Pennsylvania, residing therein at 17015 Bennett Place, Holland, Pennsylvania 18966.

8.      Defendant, Starbucks Corporation, d/b/a Starbucks Coffee Company ("Defendant"), is a corporation duly organized and existing under the laws of the State of Washington, maintaining a place of business located at 200 North Warner Road, King of Prussia, Pennsylvania 19406.

9.      At all times relevant hereto, the Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

**IV.    STATEMENT OF FACTS:**

10.     Plaintiff Snyder, a fifty (50) year old female individual, was employed by the Defendant from in or about August of 2002 until on or about November 5, 2009, the date of her unlawful termination.

11.     During the course of her employment, Plaintiff Snyder held the positions of Assistant Manager, Store Manager, and District Manager and at all times maintained an excellent job performance rating in said positions.

12.     In support thereof, Plaintiff Snyder received numerous awards and exemplary performance reviews from the Defendant during her tenure.

13.     By way of example, Plaintiff Snyder was named "Metro Philadelphia Starbuckian Manager of the Year" in or about 2006.  Additionally, Plaintiff Snyder received the highest "Ecosure Cleanliness" audit scores for the Metro Region in or about the Fiscal Year of 2009.

14.     However, in or about August of 2009, Plaintiff Snyder was suddenly placed on an unjustified ninety (90) day Performance Improvement Plan for her job performance by Krista Kondravy ("Kondravy"), Regional Director.

15.     On or about November 5, 2009, Kondravy abruptly terminated Plaintiff Snyder's employment for allegedly "not meeting expectations" under the aforementioned Performance Improvement Plan.

16.     Plaintiff Snyder believes and avers that the stated reason for her termination was pretextual and that she was terminated solely on the basis of her age (50) and sex (female).

17.     By way of example, upon information and belief, Plaintiff Snyder's former position was filled by a significantly younger, less qualified, and less experienced male employee, Michael Scott ("Scott").

-3-

## COUNT I
### (ADEA - Age Discrimination)
### Plaintiff Snyder v. the Defendant

18.     Plaintiff Snyder incorporates by reference paragraphs 1 through 17 of her Complaint as though fully set forth at length herein.

19.     The actions of the Defendant, through its agents, servants and employees, in terminating Plaintiff Snyder's employment because of her age, constituted a violation of the ADEA.

20.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADEA, Plaintiff Snyder sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

21.     As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADEA, Plaintiff Snyder suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
### (Title VII - Sex Discrimination)
### Plaintiff Snyder v. the Defendant

22.     Plaintiff Snyder incorporates by reference paragraphs 1 through 21 of her Complaint as though fully set forth at length herein.

-4-

23.     The actions of the Defendant, through its agents, servants and employees, in terminating Plaintiff Snyder's employment because of her sex, constituted a violation of Title VII.

24.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff Snyder sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

25.     As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff Snyder suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

26.     Plaintiff Snyder incorporates by reference paragraphs 1 through 25 of her Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Snyder requests that this Court enter judgment in her favor and against the Defendant, and Order that:

a.     Defendant compensate Plaintiff Snyder with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination;

b.     Defendant compensate Plaintiff Snyder with an award of front pay, if appropriate;

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 11/21/11

PAMELA SNYDER, PLAINTIFF